**Ricky Ricardo DANIEL,
Plaintiff–Appellant,**

v.

**Joe YOUNG Defendant–Appellee.**

**No. 02–5073.**

United States Court of Appeals,
Sixth Circuit.

Oct. 31, 2002.

Before KEITH and DAUGHTREY,
Circuit Judges; and KATZ, District
Judge.*

*ORDER*

Ricky Ricardo Daniel appeals pro se
from a district court judgment that dis-
missed his civil rights case filed under the
authority of *Bivens v. Six Unknown
Named Agents of Fed. Bureau of Narcot-
ics,* 403 U.S. 388, 397, 91 S.Ct. 1999, 29
L.Ed.2d 619 (1971). His appeal has been
referred to a panel of this court pursuant
to Rule 34(j)(1), Rules of the Sixth Circuit.
Upon examination, the panel unanimously
agrees that oral argument is not needed in
this case. Fed. R.App. P. 34(a).

Daniel filed his complaint in the United
States District Court for the Northern
District of Alabama, alleging that he had
been injured in a motor vehicle accident
while he was in the custody of federal
marshals and that he had not received
proper medical care for his injuries. A
motion to transfer his case to the Western
District of Tennessee was granted, insofar
as his claims involved the medical treat-
ment that he had received at the federal
prison there.

The district court initially dismissed the
case upon transfer, as Daniel had not
shown the exhaustion of all of his adminis-
trative remedies. *See* 42 U.S.C. § 1997e.
It subsequently granted a motion for re-
consideration because Daniel submitted
documents that evidenced the exhaustion
of his claims. Nevertheless, the court fi-
nally dismissed the case on March 1, 2001,
because these documents also indicated
that he had received extensive medical

---

* The Honorable David A. Katz, United States
District Judge for the Northern District of
Ohio, sitting by designation.

care while he was incarcerated in Tennessee. *See* 28 U.S.C. § 1915(e)(2). It is from this judgment that Daniel now appeals.

We review the dismissal of this case *de novo*. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Dismissal was appropriate because Daniel did not raise a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) *and* 1915A(b)(1).

Daniel's Eighth Amendment claim includes both an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires a showing that he was exposed to a substantial risk of serious harm. *See id.* The subjective component requires a showing that the defendants acted with deliberate indifference or recklessness, that is more than mere negligence. *See id.* at 834–37; *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir.1995).

Daniel does not dispute the district court's detailed description of the pertinent medical record, which indicated that he had a history of knee and low back problems, that he had been examined on numerous occasions, and that he had received prescriptions, injections, blood tests, x-rays and other tests for his condition. Under these circumstances, we conclude that the defendants have provided Daniel with extensive medical treatment for his injuries, even though he may be dissatisfied with the treatment that he has received. Thus, he has alleged no more than a medical malpractice claim which does not rise to the level of a viable Eighth Amendment claim. *See Durham v. Nu'Man*, 97 F.3d 862, 868–69 (6th Cir.1996); *Sanderfer*, 62 F.3d at 154–55.

Daniel also argues that the district court abused its discretion by not advising him to amend his complaint. However, the court did allow Daniel to amend the complaint by adding several new defendants and by submitting evidence of administrative exhaustion. Moreover, the courts "have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint." *McGore*, 114 F.3d at 612. Thus, the court properly dismissed Daniel's case without allowing him an opportunity to further amend his complaint.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.